UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIAMOND DASHAY YOUNG, | ) | CASE NO. 1:21CV553 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF | ) | OPINION AND ORDER |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter comes before the Court on Plaintiff's Objections (Doc. 21) to the Magistrate Judge's Report and Recommendation (Doc. 20), which recommended the Court overrule Plaintiff's objections and affirm the Commissioner's decision to deny Plaintiff's claim for supplemental security income ("SSI") and disability insurance benefits ("DIB"). For the following reasons, the Court **ADOPTS** the Report and Recommendation and **AFFIRMS** the Commissioner's decision.

**I. BACKGROUND FACTS**

The following is a procedural synopsis of Plaintiff's claim. For a complete overview of Plaintiff's medical history, see the Magistrate Judge's Report and

Recommendation, which refers to the original Complaint and incorporates the relevant documents relating to Plaintiff's claim.

Plaintiff filed claims for SSI and DIB on November 28, 2018, alleging a disability onset date of May 2, 2017. Her claim was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was granted. The ALJ held a hearing on May 26, 2020. Both Plaintiff and a neutral vocational expert testified at the hearing. On June 26, 2020, the ALJ concluded that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's opinion the final decision of the Commissioner.

On March 9, 2021, Plaintiff timely filed her Complaint challenging the Commissioner's final decision before this Court. (Doc. 1). On June 22, 2022, the Magistrate Judge issued her Report and Recommendation. (Doc. 20). On July 6, 2022, Plaintiff timely objected to the Report and Recommendation. (Doc. 21). Defendant filed a brief Response shortly thereafter. (Doc. 22).

## II. LAW & ANALYSIS

### A. Standard of Review

When reviewing a magistrate judge's report and recommendation, a court makes a *de novo* determination regarding the portions to which there are objections. 28 U.S.C. § 636(b)(1). In reviewing the Commissioner's decision however, the district court's review is not *de novo*. *Norman v. Astrue*, 694 F. Supp. 2d 738, 740 (N.D. Ohio 2010). Instead, a district court determines whether the Commissioner applied the proper legal standards and whether substantial evidence supported the Commissioner's findings.

42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

'Substantial evidence' has been defined as "more than a mere scintilla" of evidence, *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003), but less than a preponderance of the evidence, *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Thus, if the record evidence is of such nature that a "reasonable mind might accept it as adequate to support" the Commissioner's conclusion, then the determination must be affirmed. *Wright*, 321 F.3d at 614. If such evidence exists, the district court should defer to the Commissioner's determination "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

A district court's role "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright*, 321 F.3d at 614. Rather, courts "focus on whether substantial evidence supports the Commissioner's decision[.]" *Id.* at 615.

Plaintiff's sole objection to the Report and Recommendation is that "Magistrate Henderson erred in her finding that the ALJ's RFC, which includes no exertional limitations for [Plaintiff's] multiple sclerosis – a severe impairment (Doc. 12, PageID: 100) – is supported by substantial evidence." (Doc. 21, PageID: 854). After review, the Court agrees with the Magistrate Judge.

**B.     ALJ's Treatment of Plaintiff's Multiple Sclerosis**

At Step Three of the five-step sequential evaluation process, the ALJ determined that Plaintiff's multiple sclerosis was a 'severe impairment.' (Doc. 12, PageID: 100). Next, "[a]fter careful consideration of the entire record," the ALJ determined that Plaintiff had:

> the residual functional capacity ["RFC"] to perform a full range of work at all exertional levels but with the following non-exertional limitations: she can never climb ladders, ropes and scaffolds, she should avoid concentrated exposure to extreme temperatures, she should avoid concentrated exposure to pulmonary irritants and unprotected heights, she is limited to performing simple tasks and following simple instructions, she should not be required to work at a fast pace production environment (i.e. assembly line work), and she would be able to appropriately socialize, but with the general public it should be brief and superficial and occasional with coworkers.

(*Id.* at PageID: 103).

Before the Magistrate Judge, Plaintiff challenged the ALJ's evaluation of her multiple sclerosis, alleging that the ALJ erred by allowing work at all exertional levels and only including one postural limitation. The Magistrate Judge disagreed, finding that the ALJ supported his RFC determination with substantial evidence. Plaintiff objects to this recommendation. According to Plaintiff's review of the record, Plaintiff's "progressively worsening disease" should have required the ALJ to include some exertional restriction, as well as additional postural restrictions in his RFC determination.

The Court disagrees with Plaintiff. The gist of Plaintiff's Objection is that the record supports a more limited RFC determination. In arriving at this conclusion, Plaintiff cites her subjective testimony and two periods of her multiple sclerosis

exacerbation. (Doc. 21, PageID: 855). But the ALJ considered this evidence in his decision. With respect to Plaintiff's testimony, the ALJ found her "statements concerning intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence in the record[.]" Furthermore, the ALJ specifically considered the periods of multiple sclerosis exacerbation but relied on the normal findings also present during these times. The ALJ also relied on other treatment records in assessing the severity of Plaintiff's multiple sclerosis. In sum then, the Court agrees with the Magistrate Judge's recommendation that the ALJ supported his decision with substantial evidence.

Plaintiff's Objection also contains two other grievances. First, Plaintiff argues that by finding no exertional restrictions whatsoever, the ALJ crafted a RFC that would allow for Plaintiff to perform heavy work or very heavy work, as well as standing and walking up to six hours in an eight hour workday. (Doc. 21, PageID: 854-55). But Plaintiff ignores the non-exertional limitations included in her RFC. Indeed, the ALJ specifically found that "[t]he claimant's ability to perform work at all exertional levels has been compromised by non-exertional limitations." (Doc. 12, PageID: 111). Accordingly, the Court finds Plaintiff's concern overblown.

Second, Plaintiff objects to the ALJ and Magistrate Judge's reliance on the opinions of "paper reviewers" and "a one-time examiner" as misguided. (Doc. 21, PageID: 855-56). According to Plaintiff, these reviewers should not be credited because they may have caught Plaintiff "on a good day" when her multiple sclerosis was contolled. (*Id.* at PageID: 856). But as discussed above, the ALJ also considered Plaintiff's impairments "on a bad day" as well. Even on those "bad days," medical

findings were normal and unsubstantial. Therefore, it was not improper for the ALJ to rely on the opinion evidence of Drs. Sreenivas, Mutchler and Bradford.

### III. CONCLUSION

A reading of the ALJ's decision reflects a legally sound and factually supported approach to Plaintiff's claims. Accordingly, the Court **OVERRULES** Plaintiff's Objection (Doc. 21); **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 20); and **AFFIRMS** the Commissioner's denial of Plaintiff's claims.

**IT IS SO ORDERED.**

                                       s/ Christopher A. Boyko
                                       **CHRISTOPHER A. BOYKO**
                                       **Senior United States District Judge**

**Dated: September 12, 2022**